# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SAM KRIKORIAN, | * |
| | * |
| Plaintiff, | * |
| | *   Case No.: 2019-582 |
| v. | * |
| | * |
| FORD MOTOR COMPANY | * |
| | * |
| Defendant. | * |

## DEFENDANT FORD MOTOR COMPANY'S
## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant Ford Motor Company ("Ford") and answers the Plaintiff's Complaint as follows:

### THE PARTIES

1. Upon information and belief, admitted.

2. Admitted.

### FACTUAL ALLEGATIONS

3. Denied.

4. Ford admits the Detroit Free Press published an article which includes the quote referenced in this Paragraph. Ford denies the remaining allegations of this Paragraph.

5. Ford admits the Detroit Free Press published an article which includes the quote referenced in this Paragraph. Ford denies the remaining allegations of this Paragraph.

6. Upon information and belief, Ford admits the Plaintiff purchased a 2016 Ford Focus (the "Subject Vehicle") on March 23, 2017. Ford denies the remaining allegations of this Paragraph.

7. Ford admits that, upon information and belief, Plaintiff entered into a purchase contract for the purchase of the Subject Vehicle, which was equipped with a PowerShift Transmission at the time of its original sale by Ford. Ford lacks sufficient knowledge or information to admit or deny the remaining allegations of this Paragraph, and therefore they are denied.

8. Denied.

9. This Paragraph contains a statement of law to which no responsive pleading is required. To the extent a responsive pleading is required, it is denied.

10. Ford admits that the PowerShift Transmission was designed, in part, by Ford in collaboration with Getrag, which supplied the transmission to Ford as a complete unit. Ford admits that it, in part, marketed the PowerShift Transmission as a more technologically advanced and more fuel-efficient option to vehicles equipped with conventional transmission systems. Ford lacks sufficient knowledge or

information to admit or deny the remaining allegations of this Paragraph, and therefore they are denied.

11. Ford lacks sufficient knowledge or information to admit or deny the factual allegations of this Paragraph, and therefore they are denied.

12. Ford admits that the PowerShift Transmission was designed, in part, by Ford in collaboration with Getrag, which supplied the transmission to Ford as a complete unit. Ford further admits that the PowerShift Transmission was generally designed for better fuel economy, performance, and efficiency. Ford also admits it generally provided consumers with certain information related to the performance and other attributes of the transmission and that it issued a press release dated March 29, 2010. Ford denies that the press release states what is alleged in this paragraph; the press release speaks for itself. Ford denies the remaining allegations of this paragraph.

13. Upon information and belief, denied.

14. Denied.

15. Denied.

16. Denied.

17. Ford admits the Detroit Free Press published an article which includes the quote referenced in this Paragraph. Ford denies the remaining allegations of this Paragraph.

18. Denied.

19. Denied.

20. Ford lacks sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore they are denied.

21. Ford denies that the Subject Vehicle is defective. Ford lacks sufficient knowledge or information to admit or deny the remaining allegations of this Paragraph, and therefore they are denied.

22. Denied.

23. Ford lacks sufficient knowledge or information to admit or deny the factual allegations of this Paragraph, and therefore they are denied.

24. Ford lacks sufficient knowledge or information to admit or deny the factual allegations of this Paragraph, and therefore they are denied.

25. Admitted.

26. Ford lacks sufficient knowledge or information to admit or deny the factual allegations of this Paragraph, and therefore they are denied.

27. Ford admits that vehicles with a PowerShift Transmission were accompanied by a New Vehicle Limited Warranty, the terms of which were ultimately expanded in terms of both duration and miles to provide enhanced warranty coverage for Ford's consumers. The terms of these warranty provisions speak for themselves. Ford denies the remaining allegations of this Paragraph.

28. Denied.

29. Denied.

## COUNT ONE
## FRAUD

30. Ford adopts and incorporates Paragraphs 1–29, by reference, as if fully set forth herein.

31. The allegation contained in this paragraph of Plaintiff's Complaint is a statement of law to which no responsive pleading is required. However, Ford specifically denies that Plaintiff's allegations give rise to a cause of action under Ala. Code § 6-5-100 or Ala. Code § 6-5-101 or that Ford has committed any act or omission giving rise to a cause of action under Ala. Code § 6-5-100 or Ala. Code § 6-5-101.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

As to the unnumbered Paragraph immediately following Paragraph 36 of the Complaint, Ford denies that Plaintiff is entitled to the relief requested.

## COUNT TWO
## FRAUD IN THE INDUCEMENT

37. Ford adopts and incorporates Paragraphs 1–36, by reference, as if fully set forth herein.

38. Denied.

39. Denied.

40. Denied.

As to the unnumbered Paragraph immediately following Paragraph 40 of the Complaint, Ford denies that Plaintiff is entitled to the relief requested.

## COUNT THREE
## BREACH OF EXPRESS WARRANTY

41. Ford adopts and incorporates Paragraphs 1–40, by reference, as if fully set forth herein.

42. Ford admits that vehicles with a PowerShift Transmission were accompanied by a New Vehicle Limited Warranty, the terms of which were ultimately expanded in terms of both duration and miles to provide enhanced warranty coverage for Ford's consumers. The terms of these warranty provisions speak for themselves. Ford denies the remaining allegations of this Paragraph.

43. Denied.

44. Denied.

As to the unnumbered Paragraph immediately following Paragraph 44 of the Complaint, Ford denies that Plaintiff is entitled to the relief requested.

## COUNT FOUR
## BREACH OF IMPLIED WARRANTY

45. Ford adopts and incorporates Paragraphs 1–44, by reference, as if fully set forth herein.

46. Ford admits that vehicles with a PowerShift Transmission were accompanied by a New Vehicle Limited Warranty, the terms of which were ultimately expanded in terms of both duration and miles to provide enhanced warranty coverage for Ford's consumers. The terms of these warranty provisions speak for themselves. Ford denies the remaining allegations of this Paragraph.

47. Ford denies that the Subject Vehicle is defective. Ford lacks sufficient knowledge or information to admit or deny the remaining allegations of this Paragraph, and therefore they are denied.

48. Ford denies that the Subject Vehicle is defective. Ford lacks sufficient knowledge or information to admit or deny the remaining allegations of this Paragraph, and therefore they are denied.

As to the unnumbered Paragraph immediately following Paragraph 48 of the Complaint, Ford denies that Plaintiff is entitled to the relief requested.

## COUNT FIVE
## VIOLATION OF MAGNUSON-MOSS WARRANTY ACT

49. Ford adopts and incorporates Paragraphs 1–48, by reference, as if fully set forth herein.

50. Ford lacks sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore they are denied.

51. Ford admits it is a "warrantor" as that term is defined under the Magnuson-Moss Warranty Act. The remaining allegations of this paragraph are denied.

52. Ford lacks sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore they are denied.

53. Admitted.

54. Admitted.

55. Ford lacks sufficient knowledge or information to admit or deny the allegations of this Paragraph, and therefore they are denied.

56. Denied.

As to the unnumbered Paragraph immediately following Paragraph 56 of the Complaint, Ford denies that Plaintiff is entitled to the relief requested.

## **AFFIRMATIVE DEFENSES**

1. This Defendant denies each and every material allegation contained in

the Plaintiff's Complaint and demands strict proof thereof.

2. Any alleged non-conformities are the result of abuse, neglect or unauthorized alteration of the vehicle.

3. Any alleged non-conformities do not substantially impair the use, value or safety of the subject vehicle.

4. The Complaint fails to state a claim upon which relief can be granted against this Defendant.

5. This Defendant denies that there is any causal relationship between the conduct of this Defendant and the Plaintiff's damages alleged in the Complaint.

6. This Defendant pleads failure to mitigate damages.

7. Some or all of Plaintiff's claims are barred by Alabama's Economic Loss Rule.

8. Some or all of Plaintiff's claims are barred by the doctrines of laches, waiver and estoppel.

9. Certain claims of the Plaintiff are barred by the doctrines of ratification, acquiescence, consent and caveat emptor.

10. Some or all of the claims asserted are barred by the written terms of the underlying warranties.

11. This Defendant pleads that Plaintiff is not entitled to incidental and consequential damages, mental anguish or other similar damages, and that such

damages are specifically excluded under the applicable warranty.

12.     This Defendant denies that it has breached any warranty, express or implied, to the Plaintiff.

13.     This Defendant hereby pleads any warranty exclusions.

14.     This Defendant denies that Plaintiff is entitled to damages under the Code of Alabama § 7-2-714 and § 7-2-715, the Alabama Lemon Law, and/or the Magnuson-Moss Warranty Act.

15.     As concerns all claims for breach of warranties, this Defendant affirmatively pleads specific disclaimers, limitations of warranty and exclusions and failure to comply with the notice provisions of the Alabama Uniform Commercial Code prior to the filing of this action. Thus, Plaintiff's remedies are barred for any claim for breach of warranties.

16.     This Defendant hereby pleads the statute of frauds.

17.     This Defendant denies that Plaintiff is entitled to attorneys' fees.

18.     Defendant avers that Plaintiff has failed to comply with conditions precedent or legal requirements (such as, but not limited to, presuit notice, mandatory presuit dispute resolution, and providing a final opportunity to repair) required to maintain this action under the several theories of recovery.

19.     Defendant states that Plaintiff's claims are barred by the contract language in the various contracts, deeds, warranties and other documents in the

claims of title under which Plaintiff must proceed in this action.

20. Plaintiff is not entitled to an award of attorney's fees, expenses and costs.

21. Some or all of Plaintiff's claims and remedies are barred or limited based on Plaintiff's failure to participate in a dispute resolution mechanism established by Defendant.

22. Defendant pleads that the transactions alleged were voluntarily undertaken by the Plaintiff, that Plaintiff had the opportunity, if not the obligation, to read all documents presented to or signed by Plaintiff, that the terms of the warranties were fully disclosed to the Plaintiff, and that the Plaintiff knowingly entered into the transaction, having either understood the transaction or having failed to avail himself of the opportunity to understand the transaction.

23. Defendant specifically denies that there are any defects in materials or workmanship.

24. The non-conformities, claims and damages alleged in this suit were the result of superseding intervening acts or omissions by third-parties, thereby barring Plaintiff from recovery against this Defendant.

25. This Defendant pleads the applicable statute(s) of limitations.

26. Plaintiff lacks standing to initiate or maintain this action.

27. Plaintiff lacks capacity to initiate or maintain this action.

28. This Defendant denies that it is guilty of misrepresentation, trespass to chattels, conversion, or suppression as charged in the Complaint.

29. This Defendant denies making any misrepresentation or suppression or any other wrong of any kind to Plaintiff in connection with the vehicle or parts purchases.

30. Any alleged reliance by Plaintiff on any alleged misrepresentation or statement by this Defendant was not reasonable.

31. Defendant pleads election of remedies doctrine.

32. Defendant pleads accord and satisfaction.

33. Defendant pleads release.

34. This Defendant denies that it performed any wrongful act to the detriment of Plaintiff and denies that Plaintiff detrimentally relied on any act, statement, or omission allegedly attributed to this Defendant.

35. Plaintiff has failed to plead all elements necessary to state a claim for fraud under applicable law and has further failed to state with particularity the circumstances constituting the alleged fraud as required by the Federal Rules.

36. This Defendant denies that it is guilty of negligence, wantonness and/or or recklessness.

37. As concerns all claims for negligence, this Defendant pleads contributory negligence.

38. As concerns all claims for negligence and wantonness and recklessness, this Defendant pleads assumption of risk.

39. As concerns all claims for negligence and wantonness and recklessness, this Defendant avers that there was an efficient, intervening and superseding cause between any acts and omissions of this Defendant and the accident, injuries and damages complained of which bars any recovery against this Defendant.

40. As concerns all claims for negligence and wantonness and recklessness, this Defendant avers that Plaintiff's damages were the result of acts and omissions of other persons or entities over whom this Defendant has no control and for whose conduct this defendant may not be held liable.

41. This Defendant denies that it is guilty of wantonness or recklessness as charged in the Complaint.

42. To the extent the Complaint alleges claims of breach of implied warranty, all implied warranties were specifically disclaimed and excluded.

43. This Defendant denies that is guilty of oppression, fraud, wantonness or malice or any other conduct justifying the imposition of punitive damages as charged in the Complaint.

44. Defendant pleads the provisions of Ala. Code §§ 6-11-20, 6-11-21, 6-11-22, 6-11-23, 6-11-24, 6-11-25, 6-11-26, 6-11-27, 6-11-28.

45. This Defendant pleads failure to join an indispensable party

46. Defendant pleads improper and/or inconvenient venue.

47. Defendant denies that the Plaintiff has alleged facts upon which reasonable or justifiable reliance has been placed upon any representation or warranty of this Defendant.

48. As concerns all claims for punitive damages, this Defendant avers that such claims and such requisite burden of proof violate this Defendant's right to equal protection and due process under the Constitution of the United States and the Constitution of the State of Alabama; said claims and requisite burden of proof amount to an undue taking without due process of law and violate the Excessive Fines Clause of the Constitution of the United States and the Constitution of the State of Alabama.  This Defendant affirmatively avers that the Plaintiff's claim for punitive damages is vague, arbitrary, and unclear and that the standard for determining liability for punitive damages under Alabama law does not define with sufficient clarity the conduct or mental state of the Defendant which gives rise to a claim for punitive and exemplary damages.  Additionally, the Plaintiff's claim for punitive damages cannot be sustained in that there are no meaningful standards for determining the amount of any punitive damage award under Alabama law and that Alabama law fails to state with sufficient clarity the consequence to a Defendant of any conduct which may give rise to the claim for punitive damages.  Therefore, any award of punitive damages violates this Defendant's rights to due process of law

under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

49. This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate this Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

50. This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial as to all punitive damage issues would be violative of this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

51. This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages in this case cannot protect this Defendant against multiple and repeated punishment for the same alleged wrong in future cases.  Accordingly, any award of punitive damages would violate this Defendant's right to due process of law and would constitute "double jeopardy" under the Fifth and Fourteenth Amendments to the Constitution

of the United States of America and under the Constitution of the State of Alabama.

52. This Defendant affirmatively avers that the Plaintiff's claim for punitive damages would violate this Defendant's rights to due process under the Fourteenth Amendment to the Constitution of the United States of American and under the Constitution of the State of Alabama as well as to other rights and protections afforded to it by *State Farm Automobile Ins. Co. v. Campbell,* 123 S. Ct. 1513 (April 7, 2003)

53. Unless Ford's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate Ford's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

54. Plaintiff's claim for punitive damages against Ford cannot be maintained, because an award of punitive damages under Alabama law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, a risk

that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article I, § 13 of the Alabama Constitution, and the common law and public policies of the State of Alabama.

55. Plaintiff's claim for punitive damages against Ford cannot be maintained, because any award of punitive damages under Alabama law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of Ford, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such

verdict would violate Ford's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

56. Any award of punitive damages based on anything other than Ford's conduct in connection with the design, manufacture, and sale of the specific Ford vehicle that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama because any other judgment for punitive damages in this case cannot protect Ford against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Alabama. In addition, any such award would violate principles of comity under the laws of the State of Alabama.

57. To the extent that the law of Alabama permits punishment to be measured by the net worth or financial status of Ford and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment,

allows punishment to be imposed based on lawful profits and conduct of Ford in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, § 13 of the Alabama Constitution.

58.  The imposition of punitive damages under Alabama law harm allegedly caused to non-parties would violate the Due Process Clause of the United States Constitution. *Philip Morris USA v. Williams*, 127 S. Ct. 1057, 1063 (2007).

59.  Some or all of Plaintiff's claims are expressly or impliedly preempted by Federal law, statutes, or regulations, pursuant to the Supremacy Clause of the United States Constitution, Art. VI Clause 2.

## RESERVATION OF DEFENSES

To the extent any allegations set forth by Plaintiff in the Complaint are barred by additional defenses that may arise during the course of this litigation, Ford expressly reserves the right to amend and/or add additional defenses and affirmative defenses as discovery and investigation continues.

## JURY DEMAND

Ford demands a trial by struck jury.

*/s/ J. Bart Cannon*
J. Bart Cannon
R. Woods Parker, Jr.
*Attorneys for Ford Motor Company*

**OF COUNSEL:**

HUIE, FERNAMBUCQ & STEWART, LLP
3291 US Highway 280, Suite 200
Birmingham, AL 35243
bcannon@huielaw.com
wparker@huielaw.com
Telephone - (205) 251-1193
Facsimile - (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify on this the 27th day of August, 2019, 1 electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following, and/or I have electronically mailed a copy of the foregoing to the following:

Earl P. Underwood, Jr.
UNDERWOOD & RIEMER, PC
21 South Section Street
Fairhope, Alabama 36532
Epunderwood@alalaw.com

*/s/ J. Bart Cannon*
Of Counsel