## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **SAM KRIKORIAN** | * | |
| | * | |
| Plaintiff, | * | Case No.: 1:19-CV-00582-KD-N |
| | * | |
| v. | * | |
| | * | |
| **FORD MOTOR COMPANY,** | * | |
| | * | |
| Defendant. | * | |

### FORD MOTOR COMPANY'S RESPONSE TO PLAINTIFF'S MOTION TO REMAND

COMES NOW Defendant Ford Motor Company ("Ford"), and in response to Plaintiff's Motion to Remand, shows unto the Court as follows:

### I.     INTRODUCTION.

Without distinguishing the cases cited in Defendant's Notice of Removal and refusing to provide any amendment to his Complaint to the effect that he disclaims more than $74,999.99 in damages and will not accept damages in excess of that amount or dismissing any claims giving rise to punitive damages, Plaintiff argues, generally, that Ford has failed to meet its burden showing the amount in controversy exceeds $75,000.00.  Plaintiff requests that this Court disregard both common sense and reasonable deductions based upon the information provided in the Complaint to remand the case.  Contrary to Plaintiff's arguments, Plaintiff's claims clearly exceed

1

the $75,000 jurisdictional threshold. Plaintiff's Motion is without merit and should be denied.

## II. ARGUMENT.

As Ford pointed out in its Notice of Removal, the Eleventh Circuit has explained that federal district courts may use "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the case is removable." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). While Plaintiff goes to great lengths in his Motion to Remand to suggest, without disclaimer of any specific amount, that the amount in controversy is below the jurisdictional threshold, this Court is not "bound by the plaintiff's representations regarding its claim[s], nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *Id.*

Ford also reiterates that it is well-established that "the removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). In crafting the removal statute, "Congress intended to clarify that courts should 'apply the same liberal rules [to removal allegations as] to other matters of pleading.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting H. R. Rep. No. 100-889, p. 71). As a result, "a defendant's notice of

removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

Using reasonable deductions, inferences and extrapolations from the Complaint, it is clear the jurisdictional amount has been met here. The Complaint demands both compensatory and punitive damages stemming from alleged injuries, including mental anguish, related to breach of warranties and fraud against Plaintiff and hundreds of thousands of other consumers. (*See* Compl. ¶ 13, 36.) Regarding his fraud claims, Plaintiff alleges the subject a vehicle, a 2016 Ford Focus, contained a defect which caused "dangerous safety and driveability problems which Plaintiff claims Ford fraudulently concealed" from not only him, but "hundreds of thousands of other customers." (*See* Comp. ¶ 19.) Plaintiff specifically seeks punitive damages as a result of this alleged wide-ranging, nationwide fraud in an amount appropriate to punish and deter this alleged massive fraud. (*See* Compl. Count One); *see also BMW of N. Am. v. Gore*, 517 U.S. 559, 569 (1996).

    A.    <u>Plaintiff's Punitive Damage Demand Alone Suffices to Satisfy the Amount-in-Controversy Requirement.</u>

It is well established that, in any amount-in-controversy analysis, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered. *See, e.g., Rae v. Perry*, 392 F. Appx 753, 755 (11th Cir. 2010). Stated differently, "[w]here there is the reasonable possibility of an award of punitive damages greater than the jurisdictional minimum, as the court may determine from

3

its 'judicial experience and common sense,' removal is proper." *Taylor v. Ala. CVS Pharm., L.L.C.*, 2017 U.S. Dist. LEXIS 109425, at *13, n. 4 (N.D. Ala. 2017) (internal citation omitted).

Here, Plaintiff explicitly makes a claim for punitive damages. As a preliminary matter, as the Northern District of Alabama has noted, "[t]he 'legal certainty' that there could not be sufficient punitive damages to take the recovery beyond $75,000 is virtually impossible to demonstrate." *Tucker v. Northbrook Indem. Co.*, Civil Action No. 2:13-CV-01857-WMA, 2013 U.S. Dist. LEXIS 159545, at *3 (N.D. Ala. Nov. 7, 2013) (noting that the Alabama Supreme Court has "found constitutionally acceptable ratios [of compensatory to punitive damages] ranging from 1:1 to 121:1."). The Northern District has also held that "the moment a state court seeks unspecified damages of various kinds, such as punitive damages, or emotional distress, or attorneys' fees, the claim automatically is deemed to exceed $75,000 and becomes removable under 28 U.S.C. § 1332." *Jones v. Hartford Fire Ins. Co.*, 2013 U.S. Dist. LEXIS 16675, at *1 (N.D. Ala. 2013) (citing *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012); *Tucker*, 2013 U.S. Dist. LEXIS 159545, at *3. In this case, in which Plaintiff seeks punitive damages, emotional damages, and fees, there simply can be no other result.

Plaintiff does not make any attempt to limit his punitive damages in his Complaint or in his Motion to Remand, but instead merely notes in his introductory

paragraphs that "given the[] [facts in his introduction], it is doubtful that the amount in controversy exceeds $75,000." In particular, Plaintiff makes no mention of punitive damages in these preliminary paragraphs, but instead, curiously attempts to cite what he argues is the current value of his vehicle based on an inadmissible online Carfax report as a means of inserting an arbitrary, low cash figure into the Motion. The Carfax report has no relevance whatsoever because under Alabama law the damages for Plaintiff's breach of warranty claims would be the difference between the value of the vehicle as accepted and the value of the vehicle as warranted. *See* Ala. Code § 7-2-714. On its face, the Carfax report is based on a number of "assumptions" including that the "current condition" of the vehicle is "good." (Doc. 10-2.) Plaintiff's entire lawsuit is based on the allegation the vehicle's transmission "contains several design and/or manufacturing defects" which cause "unsafe conditions" and "premature wear" to certain componentry. (Doc. 2 at ¶¶ 14-16.) Plaintiff then reiterates that he seeks damages for mental anguish and aggravation and expects to be able to prove that Ford perpetrated a fraud on the public but does not in any way provide a figure related to these claims. (*See generally* Pl. Mot. to Remand.)

Plaintiff acknowledges that punitive damages must be considered but contends that Ford has offered no evidence of what such an amount would be. (Pl. Mot. to Remand at 6.) This is simply untrue, and nonetheless, Ford need not provide

5

outside evidence of what punitive damages will be, since this Court is allowed "'reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*, 613 F.3d at 1061. Plaintiff alleges that Ford defrauded both "Plaintiff and <u>hundreds of thousands</u> of other customers" by concealing defects that caused "dangerous safety and driveability problems" in its vehicles on a nationwide scale, meriting punitive damages. (*See* Compl. at ¶ 19 (emphasis in original).) As Ford noted in its Notice of Removal, "[a]ny award that is soundly and honestly calculated to punish and deter [a large corporation's] wanton behavior . . . would have to be substantial." *Roe*, 637 F. Supp. At 998. This is why the Eleventh Circuit upheld the Northern District's holding in *Roe* that amount in controversy was satisfied when an unspecified amount of punitive damages was alleged against a corporate defendant. *Id.* (aff'd 613 F.3d 1058 (11th Cir. 2010)). Indeed, Plaintiff's only attempt to distinguish *Roe* from the case at hand is by noting that *Roe* was brought pursuant to Alabama's Wrongful Death Act and thus sought only punitive damages. Plaintiff attempts to distinguish *Roe* and paint himself as having been wrongfully hailed into federal court "over the quality of the transmission of a compact car." (Pl. Mot. to Remand at 6.) This statement can only be described as self-serving and disingenuous when Plaintiff brings claims for damages due to an alleged nationwide fraud committed by Ford that resulted in mental anguish for

6

Plaintiff and in which he seeks to punish a company the size of Ford for alleged behavior causing danger to both himself and hundreds of thousands of others. (*See* Compl. at ¶ 19.) To suggest that an appropriate award under these circumstances "doubtfully" satisfies the amount in controversy requirement strains credulity.

Instead of presenting any argument to the contrary of the above-cited law or provide any factual support for limitation of damages, Plaintiff merely lists the cases Ford has cited as authority and states in a conclusory fashion that they should not apply to these facts or are not binding authority. First, Plaintiff attempts to somehow negate the Eleventh Circuit's holding in *Rae v. Perry* that punitive damages must be considered in evaluating amount-in-controversy by noting that the *Rae* court also noted the proposition (which Ford does not dispute) that a court must remand if the jurisdictional amount is not readily deducible. *See Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 1987) (citing *Holley Equip. Co. v. Credit All. Corp.*, 821 F. 2d 1531, 1535 (11th Cir. 1987)). Ford does not dispute this, but instead simply argues that Plaintiff's numerous claims for fraud, mental anguish, breach of warranty, and punitive damages resulting from a nationwide scheme involving hundreds of thousands of customers certainly make it readily deducible that the amount in controversy is satisfied and that the underlying reasoning of *Rae* is sound.

Plaintiff also apparently attempts to distinguish *Rae* by differentiating the case cited by Rae as precedent, *Holley Equip. Co. v. Credit All. Corp.*[1]  However, Plaintiff blatantly misrepresents in the facts of that case.  (*See* Pl. Mot. to Remand at 6.)   It is true that in *Holley*, the plaintiff did indeed explicitly seek punitive damages in excess of the jurisdictional minimum.  However, the quotation referenced by Plaintiff here, that "Holley has clearly stated a claim for actual damages exceeding the [jurisdictional amount]," is in the context of a discussion of the plaintiff's claims for *lost profits* for an unspecified amount, *not punitive damages*.  The discussion of punitive damages takes place in the context of whether such damages were unavailable to a legal certainty—a different matter entirely.

Plaintiff also attempts to negate the reasoning cited in Ford's Notice of Removal in various cases in the Eleventh Circuit and other district courts in the Eleventh Circuit by simply noting that they are not binding authority.  However, those holdings are persuasive, and Plaintiff does nothing to differentiate their holding to the effect that:

> [P]laintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more.  Otherwise, a plaintiff will find herself in a federal court.

---

[1] Ford notes that it did not discuss *Holley* in its Notice of Removal, other than to note in a parenthetical that it was cited in the *Rae* matter.

*Smith*, 868 F. Supp. 2d at 1335.

Plaintiff also attempts to sidestep removal by citing two cases that he contends are analogous: *Dunlap v. Cockrell* from this District and *Bennett v. Williams* from the Northern District. However, the facts of both *Dunlap* and *Bennett* are wholly inapposite to those of this case. In *Dunlap*, Plaintiff *explicitly stated in her Complaint that she did "not seek compensation in an amount in excess of $74,999 in the aggregate for all claims."* *Dunlap v. Cockrell*, 336 F. Supp. 3d 1364, 1365 (S.D. Ala. 2018). The *Dunlap* Defendant only attempted to remove after serving a Request for Admission that included language that Plaintiff would never accept more than $75,000 for his claim. The defendant attempted to remove via the "other paper" provision of § 1446(b). As discussed in subpart B, *infra*, this is a different standard and in this case was applied to a wholly different set of facts which entail a wholly different issue. It can hardly be argued that the *Dunlap* case, which concluded that the "jurisdictional minimum is [not] satisfied, particularly *given that plaintiff's operative pleading emphatically stat[ing] that it is* not," should bind this Court regarding removal in this case of alleged fraud, mental anguish, and punitive damages in an amount appropriate to punish an alleged nationwide scheme to defraud and endanger hundreds of thousands of consumers *without any amount of damages specified*. *See id.* at 1368–69 (emphasis added).

9

*Bennett* is also distinguishable in that it involved a vehicular accident in which the only apparent evidence offered as to damages totaled only $1,637.50. *Bennett v. Williams*, 2018 U.S. Dist. LEXIS 140651, at *5–6 (N.D. Ala., Aug. 31, 2017). The Court, citing *Roe*, justified remand by noting that "it is difficult to imagine, using 'judicial experience and common sense, that [the] claim satisfies the amount-in-controversy requirement[]'" *Id. at* 6 (quoting *Roe*, 613 F.3d at 1064). In this case, Plaintiff alleges a pattern of fraud by Ford to deceive Plaintiff and others that caused him mental anguish and justifies punitive damages, and Plaintiff has declined to limit him damages in any way or provide any proof of damages, markedly distinguishing this case from those relied upon by Plaintiff.

Finally, Plaintiff cites an order from the Middle District which held that the actual damages in controversy were no more than the difference in the value of a vehicle stated on a current Carfax Report and the purchase price of the vehicle. This Order disregarded the allegation in that case, and in this one, that "Plaintiff would not have purchased the Vehicle" if not for the alleged defects. (Compl. at 21.) This Order also wholesale disregarded Plaintiff's claims for punitive damages, which, for the reasons discussed above, would clearly exceed the jurisdictional threshold if calculated to punish and deter an alleged nationwide scheme involving the safety of hundreds of thousands of customers. In fact, both the Northern and Middle Districts have recently ruled in Ford's favor on this precise issue, including in a case with

virtually identical facts, an almost identical Complaint, and a Motion to Remand that was very nearly word-for-word identical with Plaintiff's Motion in the matter at hand. In both of those cases, the courts held that "if the Court were to award punitive damages against a company as large as Ford, that award would need to be substantial—*certainly in excess of the $75,000 threshhold.*" *Pullum v. Ford Motor Co.*, Civ. Act. No.: 2:10-cv-120-ECM, 2019 U.S. Dist. LEXIS 104097, at *6 (M.D. Ala. June 21, 2019) (memorandum opinion and order denying Pl's Mot. to Remand) (emphasis added); *see also Byrd v. Ford Motor Co.*, Civil Act. No.: 3-19-cv-398-CLS (N.D. Ala. May 24, 2019) (order denying Pl's. Mot. to Remand).

B. Plaintiff Wrongly Misapplies a Heightened Standard for Removal.

Throughout Plaintiff's Memorandum in Support of his Motion to Remand, he cites the *Lowery* opinion as controlling authority that should be used to guide this Court in its determination of whether, in this case, a sufficient amount in controversy exists. (*See* Pl. Mot. to Remand at 3–5); *Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007). However, as discussed in great detail by the Eleventh Circuit in *Pretka v. Kolter City Plaza II, Inc.*, the *Lowery* opinion addressed a unique set of facts and an entirely different type of removal issue, causing the District Courts to misconstrue its principles and/or misapply them to subtle, but important, factual distinctions. *See* 608 F.3d 744 (2010). In particular, the *Pretka* Court noted that in *Lowery*, the party opposing remand—Alabama Power—provided the court with

literally *no evidence* that the amount in controversy requirement was satisfied. *See id.* At 753 ("The record on *Lowery* contained only 'naked pleadings' . . . ."). Thus, in the face of a Complaint that was entirely silent on damages, the Court had no means to make a determination of the monetary damages at issue, and perhaps more importantly, the *Lowery* court was dealing was a case involving the *second paragraph* of § 1446(b), i.e., the "other paper" provision, which has long been interpreted by courts to create a higher and more difficult standard for testing the amount in controversy requirement. *Id.* At 756–74; *see also, e.g.*, *Bosky v. Kroger Tex., LP*, 288 F.3d 2085 (5th Cir. 2002). In the present case, Ford, unlike Alabama Power in *Lowery* (and, as noted, unlike the Defendant in *Dunlap* discussed above), has provided evidence from which it may be readily deduced that the amount in controversy exceeds $75,000. Additionally, because this case was removed within thirty days of the service of the Summons and Complaint, it was removed under the authority of the first paragraph of § 1446(b), and the removal is thereby subject to lesser scrutiny under that paragraph's lower evidentiary standard. *Id.* at 756–60. Importantly, this Court, after *Pretka*, is once again empowered to use its "judicial experience and common sense" to weigh the jurisdictional evidence bearing on the amount in controversy issue. *Id.* At 770. As a result, Plaintiff's reliance on *Lowery* is misplaced.

One of the most important clarifications made in *Pretka* was that the form and substance of evidence needed to establish the amount in controversy requirement under the second paragraph of § 1441(b)'s "renewed removal window" is unique as compared to removals under the first paragraph of § 1441(b). That is, the scope of the evidence to be considered is limited and it must be, in substance, much more certain and precise than for removal within thirty days of service under the first paragraph. *Id.* At 750. Thus, the particular means of removal, be it under the first paragraph or second, is an important first step in determining whether the removing defendant's burden has been met.

In this case, it is undisputed that the first paragraph of § 1446(b) provided the mechanism for Ford's removal, since Ford removed the case within thirty days of service of the summons and complaint. In *Pretka*, the Eleventh Circuit noted the following:

> Importantly, the present case and the *Lowery* case were removed under different paragraphs of 1446(b). [The defendant] is not relying on the second paragraph of that subsection to establish the timeliness of its removal but instead on the first one, *which applies because [the defendant] filed its notice of removal within thirty days of being served with the summons and complain . . . . [The defendant] "do[es] not, and do[es]not need to, invoke the second paragraph's extended filing period."*

608 F.3d at 756 (citing §1446(b); *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Similarly, in this case, Ford filed its Notice of Removal within thirty days of service, and therefore did not invoke the second paragraph's extended

13

filing period. As such, for purposes of removal analysis, this case is removed under the first paragraph of § 1446(b).

Plaintiff's reasoning is most tortured when he states that Ford cannot meet an incorrectly) heavy burden "post-Lowery" when he states that "when the removing defendant relies only on representations without presenting evidence, it cannot meet its burden of supporting removal." (*See* Pl. Mot. to Remand at 3–4 (citing *Beasley v. Fred's Inc.*, 2008 WL 899249 (S.D. Ala. 2009)). The Court is not being asked to rely on Ford's representations, but *Plaintiff's own representations that he seeks compensatory, consequential, and punitive damages for breach of warranty, fraud, and mental anguish in an amount appropriate to punish a nationwide fraud against himself and "hundreds of thousands of other customers*." (*See generally* Compl; Compl. ¶ 19 (emphasis in original).) Plaintiff cites numerous times for the proposition that Ford need only show that removal is proper by a preponderance of the evidence, a proposition which Ford does not dispute. However, Plaintiff does not address precedent standing for the proposition that this preponderance may be reached through judicial common sense: "But *Lowery* did not say, much less purport to hold, that the use of deduction, inference, or other extrapolation of the amount in controversy is impermissible . . . .The law does not demand perfect knowledge or depend any less on reasonable inferences and deductions that we all do in everyday life." *Id.* at 753–54.

These are the principles the Eleventh Circuit has offered to guide the district courts in applying the established preponderance of evidence or "more likely than not" standard to the evidence presented. In light of this direction, it is plain that it is more likely than not that the amount in controversy exceeds the jurisdictional limit.

### III. PLAINTIFF DOES NOT DISCLAIM AN AMOUNT BELOW THE JURISDICTIONAL MINIMUM.

Noticeably absent in Plaintiff's Complaint or Plaintiff's Motion to Remand is any affirmation from Plaintiff that he will accept no more than $75,000 for his claims or does not seek punitive damages. In *Seckel v. Travelers Home and Marine Ins. Co.*, the plaintiff's complaint sought unspecified compensatory, emotional, equitable, and monetary damages. 2013 U.S. DIST LEXIS 11582, at *1 (N.D. Ala., Jan. 29, 2013). In his Motion to Remand, the plaintiff argued that his compensatory damages were just $26,340, but did not limit his other damages. The court denied the Motion to Remand, finding that the potential value of all of plaintiff's claims must be considered, rather than only stated compensatory damages. *Id.* "[T]he plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are likely to recover." *Id.* At *4 (quoting *Pretka*, 608 F.3d at 751). The court further held that plaintiff's failure to make any representation to the court or defendant that he was seeking less than $75,000 was determinative, noting that "he could have submitted an affidavit in support of his motion to remand

15

specifically stating that he does not claim any more than $74,999.99, even if he did not state such an intention in his state court complaint." *Id.* (internal citations omitted). "Without an affidavit from Mr. Seckel stating that he will not claim any more than $74,999.99 from Travelers in damages, this court has jurisdiction over the case and DENIES Mr. Seckel's motion to remand." *Id.*; *see also Pullum*, 2019 U.S. Dist. LEXIS 104097, at *5 (denying Motion to Remand when Plaintiff failed to disclaim damages over $75,000 in a case with virtually identical facts and pleadings). Similarly, in this case, Plaintiff's failure to provide and such affidavit or affirmation should be determinative in denying his Motion to Remand.

## IV.   CONCLUSION

For the above-stated reasons, this Court should **DENY** Plaintiff's Motion to Remand, and retain jurisdiction of this case.

*/s/ R. Woods Parker, Jr.*
J. Bart Cannon (ASB-8733-E52C)
R. Woods Parker, Jr. (ASB-1509-D67H)
*Attorneys for Ford Motor Company*

**OF COUNSEL:**

HUIE, FERNAMBUCQ & STEWART, LLP
3291 US Highway 280, Suite 200
Birmingham, AL 35243
bcannon@huielaw.com
wparker@huielaw.com
Telephone - (205) 251-1193
Facsimile - (205) 251-1256

## CERTIFICATE OF SERVICE

      I hereby certify on this the 19th day of September, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following, and/or I have electronically mailed a copy of the foregoing to the following:

Earl P. Underwood, Jr.
UNDERWOOD & RIEMER, PC
21 South Section Street
Fairhope, Alabama 36532
Epunderwood@alalaw.com

                                          */s/ R. Woods Parker, Jr.*
                                          Of Counsel