IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SAM KRIKORIAN, | * | |
| | * | |
| Plaintiff, | * | Case No. 1:19-CV-00582-KD-N |
| v. | * | |
| | * | |
| FORD MOTOR COMPANY, | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S REPLY TO DEFENDANT'S**
**OPPOSITION TO HIS MOTION TO REMAND**

Comes now the plaintiff and in reply to Defendant's ("Ford" or "Ford's") opposition to his Motion to Remand (Doc. 12) states as follows:

**INTRODUCTION**

This breach of warranty and fraud case involves a single, almost 3-year-old, Ford Focus purchased on March 23, 2017 for $22,714.60 and is currently worth about $11,540.00. Ford has offered no evidence whatsoever of the amount in controversy, other than unsupported statements. To prevail Ford must show by a preponderance to the evidence that the amount in controversy exceeds $75,000 and it has not. With his Motion to Remand, the plaintiff offered probative evidence regarding the value and depreciation of the vehicle at issue. Ford has provided no rebuttal evidence or any evidence whatsoever, and this case should be remanded.

**ARGUMENT**

The "Venue Clarification Act of 2011 (JVCA), clarifies the procedure in order when a defendant's assertion of the amount in controversy is challenged [allowing] both sides [to] submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*,

135 S. Ct. 547, 554 (2014). "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*. at 554.

The undisputed and only evidence before the court is that the vehicle at issue has lost 49% of its value or $11,174.60 since it was purchased. (See Doc. 10 at Page ID #: 120.) If a jury awarded Plaintiff five times his depreciation the amount in controversy would still not be satisfied. Moreover, the vehicle still has value and "it is fundamental that in calculating the amount of [Plaintiff's] actual damages, the value of the vehicle that [Plaintiff] received in the transaction must be deducted from the price he paid for it, lest [Plaintiff] receive a windfall in the amount of the vehicle's actual value at the time of its purchase." *Brown v. Ford Motor Co.*, 2019 WL 4072404, at *3 (M.D. Ala. Aug. 28, 2019).

Ford states on page three of its opposition that Plaintiff's punitive damage claim alone satisfies the amount of controversy requirement citing *Rae v. Perry, 392 F. Appx 753, 755* (11th Cir. 2010) for the proposition that "punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered." Plaintiff does not dispute that the possibility of punitive damages should, or must, be considered when determining the amount in controversy. It is not true, however, that merely pleading punitive damages satisfies the amount in controversy requirement. In *Rae,* the Eleventh Circuit affirmed the district court's order remanding the case finding that Rae, the defendant, "failed to present evidence that showed by a preponderance of the evidence that the compensatory and unspecified damages in the complaint, including punitive damages and attorneys' fees, alone or combined, met the jurisdictional amount." *Rae v. Perry,* at 756. Just as in *Rae*, Ford has not presented any evidence, and this case should be remanded.

Ford states again on page four of its opposition, that "Plaintiff explicitly makes a claim for punitive damages," but does cite to other cases or verdicts offer any evidence of any kind of

indicating what amount in controversy might be. Merely stating that plaintiff seeks punitive damages does not meet the burden of proof required. Plaintiff offered loss of value damages, then Ford, which undoubtedly has a world of evidence on the value of the cars it sells, chastises Plaintiff for "inserting an arbitrary, low cash figure into the Motion" but does not offer any evidence of any other value or appraisal.

Ford's reliance on *Tucker v. Northbrook Indem. Co.*, 2013 WL 5961095, at *1 (N.D. Ala. Nov. 7, 2013), for the proposition that "the Alabama Supreme Court has 'found constitutionally acceptable ratios ranging from 1:1 to 121:1[,'" doesn't carry the day. This is because, the Eleventh Circuit has, "specifically rejected a removing defendant's attempt to satisfy its burden of proving amount in controversy by reliance on jury verdicts in other supposedly similar cases[.]" *Siniard v. Ford Motor Co.*, 554 F. Supp. 2d 1276, 1278 (M.D. Ala. 2008).

Plaintiff disputes Ford's allegations in the Notice of Removal. "[W]hen a notice of removal's allegations are disputed, the district court must find 'by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold.'" *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014). (Citations omitted). "[D]oubts concerning removal of non-CAFA cases should still be resolved in favor of remand (i.e., that there remains an antiremoval presumption for non-CAFA cases)" *Collinsworth v. Big Dog Treestand, Inc.*, 2016 WL 3620775, at *5 (S.D. Ala. June 29, 2016). See also, *Rachel v. PNC Bank*, CIVIL ACTION: 16-00351-KD-MU, at *4 (S.D. Ala. Apr. 10, 2017) ("Thus, as here, where jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332, the removing party bears the burden of establishing … by a preponderance of the evidence, the amount in controversy more likely than not exceeds the $75,000 jurisdictional requirement"). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "Where [as here] the plaintiff has not plead a specific

amount of damages . . . the defendant is required to show . . . by a preponderance of the evidence that the amount in controversy' can be satisfied." *Id.* Moreover, "a federal court is obligated to inquire into subject matter jurisdiction [] whenever it may be lacking." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Ford, at page eight of its opposition, chastises Plaintiff for his citation to *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531 (11th Cir. 1987). Regardless, in *Holley,* "[t]he district court, on its own motion, analyzed the merits of Holley's claims and determined to a legal certainty that Holley could not recover a sum in excess of $10,000—the amount in controversy necessary to invoke diversity jurisdiction[.]" *Id.* 1533 (11th Cir. 1987).[1] The Eleventh Circuit reversed saying, "[s]ince Holley has clearly stated a claim for actual damages exceeding $10,000, we reverse the order of the district court dismissing Holley's action for lack of subject matter jurisdiction." *Id.* at 1536.

Finally, *Taylor v. Alabama CVS Pharmacy, L.L.C.*, WL 3009695, at * n. 4 (N.D. Ala. July 14, 2017), was also cited by Ford. The quote from *Taylor* Ford used omits the *Taylor* court's citation to *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058. The statement quoted from *Roe* was "[w]here there is the reasonable possibility of an award of punitive damages greater than the jurisdictional minimum, as the court may determine from its 'judicial experience and common sense,' removal is proper." That, no doubt, is an accurate statement, but Ford's problem with trying to use it here is that the court in *Roe*, as mentioned in Plaintiff's opening brief was considering a wrongful death case. See *Roe* at 1059 ("Roe sought to recover unspecified damages under Alabama's Wrongful Death Act."). Furthermore, according to the Court in *Roe* "[i]n some cases,

---

[1] In 1987 the amount in controversy required for jurisdiction in diversity cases was $10,000. See *Rhinehart v. Cincinnati Inc.*, 716 F. Supp. 7, 7 (E.D. Mich. 1989) ("The 'date of enactment' was November 19, 1988, thereby making May 18, 1989, the 'effective date' for section 201 [increasing the requirement to $50,000]").

this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Id.* at 1061. The present case is one of those cases because, "[p]ut simply, this is not a wrongful death case, thus the factors assessed in Roe are inapplicable." *Rachel v. PNC Bank, NA*, 2017 WL 1362034, at *5 (S.D. Ala. Apr. 10, 2017).

Ford, on page eleven of its opposition faults Plaintiff for citing *Lowery v. Alabama Power Co.*, saying that reliance on *Lowery* is misplaced after the Eleventh Circuit's opinion in *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010). (Ford's Br. at p. 1). But the *Pretka* Court explained its holding citing *Lowery* saying:

> We stated in *Lowery* that "[t]he absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction *should not be divined by looking to the stars*." *Id.* at 1215 (emphasis added). On that basis we concluded that the *Lowery* defendants had failed to establish federal jurisdiction by a preponderance of the evidence. *See id.* at 1220–21. But *Lowery* did not say, much less purport to hold, that the use of deduction, inference, or other extrapolation of the amount in controversy is impermissible, as some district courts have thought. That was not the question in *Lowery*. Instead, the question was how to apply the preponderance of the evidence standard in the "fact-free context" of that particular case. *Id.* at 1209. The answer we gave is that without facts or specific allegations, the amount in controversy could be "divined [only] by looking at the stars"—only through speculation—and that is impermissible. *See id.* at 1209, 1215.

*Pretka* at 753–54.

In any event, *Pretka* does not help Ford. To the contrary, *Pretka* supports Plaintiff's position that Ford must present something, other than mere conjecture, that the jurisdictional requirement has been met. In relevant part, the *Pretka* court described some of the types of evidence that Ford could have presented saying:

> The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard. Defendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper. *See Williams*, 269 F.3d at 1319; *Miedema*, 450 F.3d at 1330; *Sierminski*, 216 F.3d at 949 (the district court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal" (quotation marks omitted)); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir.1990) ("Defendants have the opportunity to submit affidavits, depositions, or

>other evidence to support removal."); *see also De Busk v. Harvin*, 212 F.2d 143, 146 (5th Cir.1954) (holding, in a case removed under 28 U.S.C. § 1442, that the district court had properly denied the plaintiff's motion to remand based on "[t]he uncontroverted affidavits of appellees, attached as exhibits to the amended petition for removal"). We do not read *Lowery* as holding to the contrary. If we did, there would be a serious prior panel precedent problem. *See United States v. Ohayon*, 483 F.3d 1281, 1289 (11th Cir.2007) ("When a decision of this Court conflicts with an earlier decision that has not been overturned en banc, we are bound by the earlier decision."); *United States v. Hornaday*, 392 F.3d 1306, 1316 (11th Cir.2004) ("Where there is a conflict between a prior panel decision and those that came before it, we must follow the earlier ones.").

*Id.* at 755.

On page 15 of its opposition, Ford complains that Plaintiff has not made any affirmation limiting his damages. The lack of an affirmation or disclaimer does not mean that there is federal jurisdiction because a disclaimer is not necessary. *See, Kiddd-Hicks v. Bellemere Properties, LLC,* 2018 WL 4840113, at *2 (N.D. Ala. Oct. 4, 2018) ("Kidd-Hicks's failure to deny that his claim will meet the jurisdictional amount in his Motion to Remand does not support removal"). See also, *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir. 2001) ("We reiterate that the burden of proving jurisdiction lies with the removing defendant."). Ford's "conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden" *Id.*

Finally, *Jones v. Hartford Fire Ins. Co.*, 2013 U.S. Dist. LEXIS 16675, at *1 (N.D. Ala. 2013) and *Smith v. State Farm Fire & Cas. Co*., 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012), were addressed in Plaintiff's opening memorandum and represent a minority view. See *Bennett v. Williams*, 2017 WL 3781187, at *2 (N.D. Ala. Aug. 31, 2017) ("This opinion is not binding or persuasive authority [and] ignores *Dart Cherokee*'s removal inquiry and Eleventh Circuit precedent."). See also, *Dunlap v. Cockrell*, 336 F. Supp. 3d 1364, 1368 (S.D. Ala. 2018) ("Indeed, another judge in the Northern District of Alabama summarily sidestepped *Smith* as 'not binding or persuasive authority.'").

In sum, Ford, although it had every opportunity to do so, has not offered any evidence of the amount in controversy and has not carried its burden of proof. "Keeping in mind the narrow construction afforded the removal statute, a defendant must still carry its burden to prove that a plaintiff's suit—in this case—more likely than not exceeds $75,000. [Ford] has failed to shoulder that burden." *Earl v. Diebold, Inc.*, WL 789763, at *8 (S.D. Ala. Feb. 25, 2015).

## CONCLUSION

For the reasons stated above, this Court should grant the Plaintiff's motion and remand this case back to the Circuit Court of Baldwin County, Alabama.

Respectfully submitted this 26th day of September 2019.

/s/*Earl P. Underwood, Jr.*
**EARL P. UNDERWOOD, JR. (UND008)**

**UNDERWOOD & RIEMER, PC**
**21 South Section Street**
**Fairhope, Alabama 36532**
**Telephone:  (251) 990-5558**
**Facsimile:   (251) 990-0626**
**Epunderwood@alalaw.com**

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of September 2019, I electronically filed the preceding with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the all counsel of record.

/S/*Earl P. Underwood, Jr.*
**EARL P. UNDERWOOD, JR.**