IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SAM KRIKORIAN, | * | |
| | * | |
| Plaintiff, | * | Case No. 1:19-CV-00582-KD-N |
| v. | * | |
| | * | |
| FORD MOTOR COMPANY, | * | |
| | * | |
| Defendant. | * | |

**PLAINTIFF'S OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION**

COMES NOW the Plaintiff and, pursuant to 28 U.S.C. § 636(b)(1) respectfully objects to the Report and Recommendation of the Magistrate Judge (Doc. 16).

**STATEMENT OF CASE AND OBJECTIONS**

The Complaint in this matter was filed in the Circuit Court of Baldwin County, Alabama on July 16, 2019 against Ford (Doc. 1). Plaintiff filed his Motion for remand on September 5, 2019. (Doc. 10). Ford responded to the remand motion on September 19, 2019. (Doc. 12). Plaintiff filed his reply brief in support of remand on September 26, 2019. (Doc. 13). The Report and Recommendation that the remand be denied was entered November 6, 2019. (Doc. 16).

Plaintiff objects to the Magistrate's report because the Magistrate incorrectly found that amount it controversy exceeded $75,000 without any evidence. Specifically the Report and Recommendation stated at the bottom of PageID #: 180 the following:

> Even if Krikorian's compensatory damages are relatively small, Ala. Code § 6-11-21(a) permits an award of up to $500,000 in punitive damages if three times the compensatory damages amount is less. Considering the foregoing, the undersigned finds that Ford has shown, by a preponderance of the evidence, that it is more likely than not that an amount in excess of

$75,000, exclusive of interest and costs, "will be put at issue during th[is] litigation ..." *S. Fla. Wellness,* 745 F.3d at 1315.

The problem is that Ford did not offer any evidence, only speculation and conjecture. As shown below, and in Plaintiff's remand briefing (Docs 10 and 13) Ford could have filed affidavits and taken discovery to determine an amount in controversy but did not. Therefore this case should be remanded because the removal was not supported by evidence.

## STANDARD OF REVIEW

This Court's standard of review of the Report and Recommendation is *de novo*. *See* 28 U.S.C. § 636(b)(1)(C).

## ARGUMENT

The Report and Recommendation (Doc. 16) is very through and well written, but unfortunately, it reaches the wrong conclusion. This breach of warranty and fraud case against Ford Motor Company ("Ford") involves a single, almost 3-year-old, Focus purchased on March 23, 2017 for $22,714.60 and is currently worth about $11,540.00. Krikorian offered evidence of these values with his remand motion. Ford, however, has offered only unsupported statements and conjecture regarding the amount in controversy. This is not enough. Ford must show by a preponderance to the evidence that the amount in controversy exceeds $75,000 and it has not. Ford provided no rebuttal evidence or any evidence whatsoever of the amount in controversy. This objection should be sustained, and the case remanded.

The removal statute states in pertinent part:

> **(2)** If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--

> **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks--
> **(i)** nonmonetary relief; or
> **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> **(B)** removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C.§ 1446(c)

"In the Eleventh Circuit Courts must measure the amount in controversy by the value of the object of the litigation," *U.S. Bank Nat'l Ass'n v. Smith*, 693 F. App'x 827, 830 (11th Cir. 2017) (internal quotation marks omitted). It is, "the removing defendant, [that] bears the burden of establishing by a preponderance of the evidence that the amount in controversy[.]" *Mann v. Unum Life Ins. Co. of Am.*, 505 F. App'x 854, 856 (11th Cir. 2013). Instead offering evidence as it could have, Ford argued in its opposition to remand that "Plaintiff requests that this Court disregard both common sense and reasonable deductions based upon the information provided in the Complaint to remand the case." (Doc 12 at PageID #: 137). Common sense and reasonable deductions are not evidence. "Specifically, the removing defendant must establish the amount in controversy by '[t]he greater weight of the evidence, ... [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.' *Black's Law Dictionary* 1220 (8th ed.2004)." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007).

In *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010) the Circuit Court published a long section in the opinion explaining what kind of evidence could be presented in support of a diversity removal saying in part:

> Defendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper. *See Williams*, 269 F.3d at 1319; *Miedema*, 450 F.3d at 1330; *Sierminski*, 216 F.3d at 949 (the district court may "require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal" (quotation marks omitted)); *Fowler v. Safeco Ins. Co. of Am.*, 915 F.2d 616, 617 (11th Cir.1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal."); *see also De Busk v. Harvin*, 212 F.2d 143, 146 (5th Cir.1954) (holding, in a case removed under 28 U.S.C. § 1442, that the district court had properly denied the plaintiff's motion to remand based on "[t]he uncontroverted affidavits of appellees, attached as exhibits to the amended petition for removal").

*Pretka at* 755.

According to *Pretka* "a defendant may introduce their own affidavits, declarations, or other documentation", or "submit affidavits, depositions, or other evidence to support removal[.]" "What the defendant may not do, however, is rely exclusively on 'conjecture, speculation, or star gazing to establish the requisite amount in controversy.'" *Lambeth v. Peterbilt Motors Co.*, No. CIV. A. 12-0169-WS-N, 2012 WL 1712692, at *2 (S.D. Ala. May 15, 2012). (Citation omitted). Ford could have gotten affidavits from its own employees and experts. In addition, Ford could have deposed the Plaintiff but never asked to do so. As "stated in *Lowery* that '[t]he absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars'—only through speculation—and that is impermissible." *Pretka.* at 753–54.

Recently in *Sutherland v. Glob. Equip. Co.*, No. 18-13384, 2019 WL 4896969 (11th Cir. Oct. 4, 2019), citing *Pretka,* the Eleventh Circuit reaffirmed the proposition

that, "[w]here the plaintiff has not alleged a specific amount of damages, the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Sutherland v. Glob. Equip. Co.*, No. 18-13384, 2019 WL 4896969, at *4 (11th Cir. Oct. 4, 2019). (Citation omitted).

The *Sutherland* court further explained:

> Sutherland's state court complaint alleged only that she had lost approximately $25,000 due to Global's actions in 2015. Global has offered no evidence the amount in controversy at the time of removal exceed that amount. Its evidence Sutherland sought more damages six months after removal is not sufficient to prove the amount in controversy at the time of removal. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 & n.13 (11th Cir. 1994) (stating whether the plaintiff might seek or recover more damages after removal is not sufficient to prove the amount in controversy at the time of removal). Accordingly, the district court did not have diversity jurisdiction over Sutherland's state-law claims. *See* 28 U.S.C. § 1332.

*Sutherland* at *4.

## CONCLUSION

For the foregoing reasons and the reasons stated in Docs 10 and 13, Plaintiff respectfully objects to the Report and Recommendation of Magistrate Judge Nelson and moves the Court to review *de novo* his motion to remand.

Respectfully submitted this 20th day of November 2019.

s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of November 2019, I electronically filed the preceding with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the all counsel of record.

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.
